*James E. Clarke, for appellants.*

---

## H. SMITH'S ADMR. *v.* JOHN NUCKOLS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—426.]

### Administrator's Settlement as Evidence.

Where an administrator made a settlement of an estate showing that the estate owes him $400, and then died, it was held that such settlement is prima facie evidence of its correctness, and the objections in the attempt to surcharge it must be specifically set forth, and the burden is on those attacking such settlement to make out the case, and where many years have elapsed since such settlement, and the administrator is dead, every presumption should be indulged

in favor of the representatives of the administrator that is reasonable and consistent with the facts proved.

APPEAL FROM CALLOWAY CIRCUIT COURT.

November 17, 1883.

OPINION BY JUDGE PRYOR:

We find nothing in this record upon which to base the report made by the commissioner. There is no evidence of the existence of the claims with which Nuchols, administrator, has been charged, and even if there were, the entire settlement is based on a wrong theory. All the claims that the commissioner says were due the intestate, including notes and accounts, solvent and insolvent, are made to bear interest from two years after the qualification up to the report of settlement in 1880 or 1881 and the credits calculated in the same way, thereby making a very large estate out of an exceedingly small one.

The intestate was a practicing physician, it seems, at least from what counsel say, and from the settlement of the accounts he must have been in some public or professional employment, and the notes and accounts were created in 1860 or prior to that time, and are such doubtless as are usually found in such cases, the greater portion insolvent or barred by limitation. The administrator made a settlement in 1870 or 1872 and died, and in this settlement the estate fell in debt to the administrator in the sum of about $400, and the county judge certifies that he would not charge interest as the administrator had made no interest or collected none. The special legacies amounted to $2,000, and then the debts were paid, and to this is to be added the compensation to the executor, and when these sums are taken from the solvent notes and accounts that could have been collected, as of the date of the qualification or within the two years after the qualification, there will doubtless be but little left in the hands of the administrator, and if there is he should account for it if the pleadings authorize such a recovery. The settlement made by the county judge is prima facie evidence of its correctness and the objections to that settlement in the attempt to surcharge it must be specifically set forth. That no interest was charged the executor was sufficiently specific; but here under a charge with reference to

interest and one or two other items the whole settlement is sur-charged and a new one made swelling the estate to an enormous value. The question of interest and the items objected to have refer-ence alone to the settlement attacked. It may be that the adminis-trator is not entitled to the balance found in his favor, but this is to be ascertained and the burden is on the appellee to make out the case. It has been twenty years or more since the death of the intes-tate. His administrator is also dead and the latter's heirs and repre-sentatives are made liable for the judgment. It is true no settlement was made for ten years after the death of Nuckols, but after so long a time every presumption should be indulged in favor of the repre-sentatives of the administrator, in this attack on the county court set-tlement, that is reasonable and consistent with the facts proved.

The judgment below is reversed and cause remanded with direc-tions to permit the appellees, if they desire, to amend their plead-ings so as to surcharge the settlement, and if no amendment is of-fered we see no reason why the county court settlement should not be sustained. If the amendment is filed the commissioner should pro-ceed as indicated in this opinion—deduct first the legacies and debts paid from the solvent notes and accounts and other proper charges against the administrator, and then for any balance of solvent notes and accounts that could have been collected, by the exercise of ordi-nary attention to the business, the administrator or his representa-tives are liable with the interest after the expiration of the two years after the qualification. In making the claim for the accounts it must be shown that the administrator could have proved the claims and that the parties were able to pay.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*W. W. Robertson, W. P. D. Bush, for appellant.*

*E. W. Hines, for appellees.*